IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-000579-RPM

PATRICK HEGARTY,

      Plaintiff,

v.

NICHOLAS PEARSON,
BRETT DEMING, and
ARNOLD TRUJILLO,

      Defendants.
_____

ORDER CERTIFYING APPEAL AS FRIVOLOUS
_____

After completion of discovery the defendants filed a motion to dismiss or in the alternative motion for summary judgment on January 28, 2011, and an amended brief in support on January 31, 2011.  In his response, filed February 25, 2011, the plaintiff conceded dismissal of Fort Lewis College, Colorado, the Board of Trustees of Fort Lewis College, Colorado, and Arnold Trujillo in his official capacity as Chief of the Fort Lewis College Police Department.  The plaintiff also agreed to dismissal of all state law claims.  In the reply of the remaining defendants, filed March 11, 2011, they argued for summary judgment of dismissal based on qualified immunity.

By order entered April 25, 2011, that motion was denied, upon finding that there was sufficient support to warrant trial on the factual issues which constitute ultimate facts relevant to the question of use of excessive force from the standard of a reasonably trained police officer in the manner in which a Taser device was used on the plaintiff and in removing him from the crowd with hands-on-application of force by

Defendants Pearson and Deming in effecting the warrantless arrest of the plaintiff. The motion was denied as to the defendant Arnold Trujillo because of disputed facts concerning whether adequate training was given to officers in the use of Taser equipment.

A pretrial conference was scheduled by order entered April 29, 2011, for May 20, 2011. On May 16, 2011, the defendants moved to vacate the pretrial conference, indicating that they intended to appeal the denial of summary judgment based on qualified immunity. That motion was denied. A notice of appeal was filed on May 19, 2011. At the pretrial conference held on May 20, 2011, this Court raised the issue of whether the appeal should be declared to be frivolous with this Court retaining jurisdiction to proceed to trial. After hearing counsel for the defendants, and considering the briefing previously submitted, this Court now finds and concludes that the notice of appeal should be disregarded because there are genuine issues of disputed fact relevant to the conduct of Officers Pearson and Deming and with respect to the amount of training provided by Chief Trujillo.

In *Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990) the Court of Appeals affirmed that the District Court retains jurisdiction to conduct a trial despite a qualified immunity defense if the court takes the affirmative step of certifying the appeal as frivolous and sets forth its reasons for that determination.

It is clearly established law that despite probable cause for making a warrantless arrest, police officers violate the Fourth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, when they use excessive force in effecting the arrest. It is also clearly established law that a failure to train police

officers in the use of force to effect an arrest showing deliberate indifference to the safety of persons with whom those officers come into contact will give rise to liability for the officers' conduct.

In this case, the plaintiff has testified with some corroborating evidence that Nicholas Pearson deployed a Taser device either three or four times, including shooting the plaintiff with darts in a manner which would be contrary to the conduct of a reasonable police officer in the same or similar circumstances and that Brett Deming applied excessive force against the plaintiff in the manner in which the plaintiff was handcuffed and restrained while he was on the ground without any provocation by resisting the officers.  There is also evidence that the Taser device used by Defendant Pearson was purchased second-hand from another law enforcement agency and that Defendant Pearson had not received adequate training concerning the circumstances under which a Taser device will be deployed.  To arm his employees with a dangerous device without adequate training may support a finding of deliberate indifference to the safety of the public by Defendant Trujillo causing the injury to the plaintiff.

The denial of the defense of qualified immunity under these circumstances is not a matter which can be reviewed by the appellate court as a matter of law.  *Olsen v. Layton Hills Mall,* 312 F.3d 1304 (10th Cir. 2002).

Upon these findings and conclusions, it is

ORDERED that the notice of appeal, filed May 19, 2011, does not raise any issue appropriate for an interlocutory appeal and it is therefore certified to be frivolous. This case will go forward with trial on September 19, 2011.

DATED:   May 23rd, 2011

                                                                    BY THE COURT:

                                                                    s/Richard P. Matsch

                                                           _____

                                                           Richard P. Matsch, Senior District Judge